**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:17-CV-109-MOC-DCK**

ERIC OLLILA, Individually and on Behalf of
All Others Similarly Situated,

                  Plaintiff,

vs.

BABCOCK & WILCOX ENTERPRISES, INC.,
E. JAMES FERLAND and JENNY L. APKER,

                  Defendants

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the Parties hereto (defined below), through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Order") govern disclosure and use by the Parties of all Documents (defined below):

**1.** **General Definitions.**  For purposes of this Order, the following terms are defined as follows:

    **a.** "Confidential Discovery Material" shall mean Discovery Material (defined below) that contains non-public information, regardless of the medium or manner in which it is generated, stored, or maintained, that (i) has been designated by a Party or non-party as "Confidential" in accordance with this Order; (ii) is maintained as confidential in the ordinary course of business; and (iii) the Designating Party believes in good faith qualifies for protection under Federal Rule Civil Procedure 26(c). Confidential Discovery Material shall not include:

(i) advertising materials; (ii) materials that on their face show that they have been published to the general public; (iii) documents that were submitted to any governmental entity without request for confidential treatment; (iv) information that is or becomes generally available to the public other than as a result of a breach of this Protective Order or a breach of any other contractual, fiduciary, statutory, common law, or other legal obligation of any person, including an obligation of non-disclosure; or (v) information that was lawfully obtained by the Receiving Party (defined below) on a non-confidential basis and without any limitation on its use or disclosure, both independently of this Action and by a means unconnected to any breach of a contractual, fiduciary, statutory, common law, or other obligation on any person, including an obligation of non-disclosure.

  **b.** "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential".

  **c.** "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained, including, among other things, electronically stored information ("ESI"), testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided by or on behalf of a Party or non-party pursuant to any formal or informal request in the course of discovery in the above-captioned Action.

  **d.** "Disputing Party" shall mean the Party disputing the "Confidential" designation of Discovery Material.

  **e.** "Document" shall mean and include, without limitation, all written material, ESI, and other tangible items produced in any format (e.g., hardcopy, electronic, digital, etc.) in any medium (e.g., hardcopy, videotape, CD, DVD, flash drive, hard drive, etc.) defined as broadly as permitted under Fed. R. Civ. P. 34.

**f.** "Party" or "Parties" shall refer to the parties to the Action, including: (1) Lead Plaintiff Arkansas Teacher Retirement System; (2) named plaintiff St. Paul Electrical Construction Pension Plan, St. Paul Electrical Construction Workers Supplemental Pension Plan, and St. Paul Electrical Workers Retirement Medical Funding Plan; (3) Babcock & Wilcox Enterprises, Inc.; (4) E. James Ferland; and (5) Jenny L. Apker.

**g.** "Producing Party" shall mean the Party or non-party producing Discovery Material.

**h.** "Receiving Party" shall mean the Party receiving Discovery Material produced by the Producing Party.

**2. Designating Confidential Discovery Material.**

**a.** All designations of Confidential Discovery Material shall be made in good faith by the Designating Party at the time of disclosure, production, or tender. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the applicable standards.

The designation of Confidential Discovery Material may be made by marking or placing the legend "CONFIDENTIAL" on each page containing any Confidential Discovery Material, or, in the case of a Document that is produced in native form or is impractical to produce in TIFF format, by placing the above-described legend on a TIFF-placeholder image bearing the production number of the Document, and, if the Producing Party so desires, including the word "CONFIDENTIAL" in the file name. Any visual or other non-paper or non-electronic Confidential Discovery Material shall be designated as "CONFIDENTIAL—SUBJECT TO A PROTECTIVE ORDER" on the exterior surface of the container or folder that contains it. Confidential Discovery Material contained in the answer or response to an interrogatory or response to a request for

admission shall be designated by including the word "CONFIDENTIAL" in the answer or response containing such information.

  **b.**  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  **c.**  If a Disputing Party disputes the "Confidential" designation of Confidential Discovery Material, the Disputing Party must notify the Designating Party of its position in writing, explaining the basis for its belief that the confidentiality designation should be withdrawn and including specific identification by Bates number or similar identifying number, if available, or by page and line number, if referring to a deposition transcript. Counsel shall then meet and confer in good faith to resolve any dispute concerning such designation. If the Parties cannot resolve the dispute, within fourteen (14) calendar days of the service date of the written dispute notification, the Disputing Party may file a motion with the Court and file under seal any Discovery Material relevant to the discovery dispute. The Discovery Material at issue shall be treated as Confidential Discovery Material until the Court issues a decision. If the Court resolves the discovery dispute in the Disputing Party's favor, the Designating Party shall remove the confidentiality designation from such Discovery Material, and, within ten (10) business days of the Court's Order, provide a replacement copy of such Discovery Material to the Disputing Party.

  **3.**  **<u>Use and Disclosure of Confidential Discovery Material.</u>**

    **a.**  Any Document or information designated as Confidential Discovery

Material in accordance with this Order shall only be used, shown, or disclosed as provided in this Order. A Receiving Party may use Confidential Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party shall maintain Confidential Discovery Material in a secure and safe area and shall exercise due and proper care to limit access to those persons specifically authorized to have access to such materials under this Stipulation and Protective Order.

  **b.**  The persons or entities identified in ¶ 3(c) below to whom Confidential Discovery Material is disclosed shall keep all Confidential Discovery Material, and any copies, notes, extracts, summaries, or descriptions of the same, within their exclusive possession and control; shall treat all such copies, notes, extracts, summaries, or descriptions of Confidential Discovery Material as confidential; shall take all necessary and prudent measures to maintain the confidentiality of all such Confidential Discovery Material; and shall not disseminate such Confidential Discovery Material other than in accordance with this Order.

  **c.**  Confidential Discovery Material shall be disclosed only to "Qualified Persons," defined as:

    **i.**  The Court and its personnel, any appellate court in the Action, and jurors;

    **ii.**  The Parties to this Action and the current representatives, employees, officers, and directors of the Parties to the extent such persons are assisting in the prosecution or defense of this Action;

    **iii.**  The Parties' in-house and outside counsel, as well as their regular and temporary paralegals, technical, administrative, and clerical employees;

**iv.** Experts or consultants (and their staff) who are employed or retained by a Party or its counsel in connection with the prosecution or defense of the Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the Party responsible for its creation;

**v.** Any witness or potential witness at any deposition or hearing in this Action, during the course of, and, to the extent necessary, in preparation for depositions or testimony in this Action; provided, however, that, with respect to any such witnesses not otherwise entitled to see Confidential Discovery Material under the terms of this Protective Order, the disclosing party has a good faith basis to discuss or reveal the Confidential Discovery Material to the witness for the sole purpose of prosecuting, defending, and/or appealing this Action and provided that such witness has agreed in writing to be bound by the terms of this Stipulation and Protective Order by executing the Agreement to be Bound (attached as Exhibit A);

**vi.** Any person who is identified as the author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including testimony), or who had access to such Confidential Discovery Material in the normal course of business and who agrees to keep the information confidential;

**vii.** Special masters and/or third parties retained by the Parties for settlement purposes or resolution of discovery disputes;

**viii.** Litigation support consultants and vendors who provide litigation support services (e.g., photocopying, electronic discovery, videotaping, translating,

preparing exhibits or demonstrations, etc.), and their staff;

  **ix.**  Jury or trial consultants and vendors, including any mock jurors, and their staff;

  **x.**  Court reporters, stenographers, or video operators who record and/or transcribe depositions or testimony in this Action;

  **xi.**  Any insurer and such insurer's outside counsel participating in matters related to this Action and their legal, clerical, or support staff, including temporary or contract staff; and

  **xii.**  Any person whom counsel for the Parties agree should have access to such materials and who agrees to be bound by the terms of this Stipulation and Protective Order.

 **d.** All persons to whom Confidential Discovery Material is disclosed solely pursuant to subparagraphs ¶¶ 3(c)(iv), (v), (vii), or (xii) shall be required to execute the Agreement to be Bound before being provided access to Confidential Discovery Material. Each Party's counsel shall retain each such executed Agreement to be Bound. Executed Agreements to be Bound shall not be made available to the Designating Party during the pendency of the Action but shall be available for an *in camera* inspection by the Court if good cause for review is demonstrated by the Designating Party.

 **e.** In the event that additional persons become parties to the Action, such parties shall not have access to Confidential Discovery Material produced by or obtained from any Producing Party until the newly joined parties or their counsel executes an Agreement to be Bound, files it with the Court, and delivers it to all Parties.

 **f.** To the extent Confidential Discovery Material is used in a deposition,

7

hearing, or pre-trial proceeding, such Confidential Discovery Material shall remain subject to this Order, along with the transcript pages of the deposition testimony and/or hearing, or pre-trial proceeding referencing the Confidential Discovery Material.

  **g.**  This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.

  **h.**  Nothing in this Order shall bar or otherwise restrict counsel for any Party from rendering advice to their client with respect to the Action, and in the course thereof, from relying upon the examination of Confidential Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Order.

  **4.**  **Designation of Deposition Testimony.**

  **a.**  In the event that a Party or non-party witness, or counsel for a Party or non-party witness, believes, in good faith, that deposition testimony refers to or discloses Confidential Discovery Material, such testimony may be designated "Confidential" by: (i) a statement on the record, by counsel, at the time of such disclosure; or (ii) written notice to all Parties within thirty (30) calendar days after receiving a copy of the final deposition transcript. In each of the foregoing instances, the Party requesting that the testimony be designated as Confidential shall direct the court reporter to affix the legend "CONFIDENTIAL" to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The entirety of each deposition transcript shall be treated as Confidential Discovery Material until the expiration of the thirtieth (30th) calendar day after receipt by counsel of a copy of the final transcript. Thereafter, only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material.

**b.** Any court reporter or transcriber who reports or transcribes testimony shall agree that anything designated as Confidential Discovery Material pursuant to this Order will remain Confidential and be disclosed only in accordance with this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

5. **Filing Under Seal.** In the event that counsel for any Party or non-party determines to file in or submit to the Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing such Confidential Discovery Material shall be filed only in sealed envelopes or other appropriately sealed containers on which shall be endorsed with the caption of the Action and which shall clearly bear the stamp "CONFIDENTIAL—SUBJECT TO A PROTECTIVE ORDER." Filing under seal shall be without prejudice to any Party's right to argue to the Court that such information is not confidential and does not need to be preserved under seal. The Party who files any document under seal is responsible for ensuring that the Confidential Discovery Material receives proper protection from public disclosure, including: (a) filing a redacted version of any brief that references or discusses Confidential Discovery Material, or (b) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the Confidential Discovery Material solely for in camera review. If the Party or non-party filing such Discovery Material is the Party or non-party that designated the subject Discovery Material as "Confidential," and no other Party or non-party has also designated the Discovery Material as Confidential, that Designating Party may choose to file such Discovery Material in the public record and thereby avoid the need to comply with the provisions of this paragraph. If the Designating Party so elects, it shall be deemed to have waived any confidentiality claim with respect to the Discovery Material

disclosed in the filing. If a Designating Party inadvertently waived a confidentiality claim in this manner, that Designating Party may notify the Court to remedy such waiver.

6. **Unauthorized Disclosure of Confidential Information.** If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without prejudice to the rights and remedies of the Designating Party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

7. **Inadvertent Production of Privileged Materials.**

a. The Parties agree that Federal Rule of Evidence 502(d) and Fed. R. Civ. P. 26(b)(5)(B) shall apply to any attempt by the Producing Party to seek the return of Discovery Material produced in this Action which the Producing Party subsequently determines is privileged or protected from disclosure under the attorney-client privilege or the attorney work product doctrine ("Privileged Material"). The production of Privileged Material in this Action in and of itself is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. If a Producing Party believes in good faith that Privileged Material was produced in the Action, the Producing Party shall notify the Receiving Party in writing within five (5) business days after so learning or discovering that such production has been made and the basis for such claim (the "Privileged Material Notice"). The Privileged Material Notice shall provide sufficient information regarding the Producing Party's claim of privilege as required by Fed. R. Civ. P. 26(b)(5)(A)(ii) so as to allow the Receiving Party to assess the privilege claim.

b. After receipt of the Privileged Material Notice, the Receiving Party shall

use commercially reasonable efforts to promptly return, sequester, or destroy the Privileged Material, any copies it has, and any work product reflecting the contents of the Privileged Material; must not use or disclose the information until the claim is resolved; and must take commercially reasonable steps to retrieve the information if the Receiving Party disclosed it to anyone else before being notified.

  **c.**  If the Receiving Party objects to the designation of such material as privileged or protected, the Receiving Party shall notify the Producing Party in writing. Following the receipt of any objection, the objecting Receiving Party and the Producing Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected. If the disagreement cannot be resolved, the Receiving Party may promptly present the issue to the Court for a determination of the Producing Party's claim of privilege or production, submitting any Document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B). While any such motion is pending, the Privileged Material subject to that motion will be treated as privileged until the Court rules. If the Receiving Party, after making an objection to the Producing Party, does not apply to the Court for a ruling on the designation of the Privileged Material at issue as privileged or protected within twenty (20) calendar days from the receipt of the Privileged Material Notice (regardless of whether there has been a meet and confer on the subject), or such later date as the Producing Party and the Receiving Party may agree, the Receiving Party shall use commercially reasonable efforts to immediately return or destroy such inadvertently disclosed Privileged Material and all copies thereof.

  **d.**  If a Producing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Producing Party shall inform the Receiving Party of such inadvertent disclosure and provide a replacement copy of such material with the appropriate

"Confidential" designation thereupon. The Receiving Party shall thereafter treat the information as Confidential and the Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Order, the Receiving Party shall make a commercially reasonable effort to retrieve the information promptly and to avoid any further disclosure. The failure to advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Producing Party that such information does not qualify for protection as Confidential Discovery Material. If the Receiving Party determines that it seeks to challenge the request for designation and treatment of the Discovery Material as confidential, the Receiving Party shall make such challenge in accordance with ¶ 2(c).

**8. Protected Material Subpoenaed or Ordered Produced in Other Actions.** If, at any time, any Confidential Discovery Material governed by this Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the Receiving Party to whom the subpoena is directed shall promptly, and within five (5) business days if reasonably practicable, give written notice to the Producing Party and include with such notice a copy of the subpoena or request. If the subpoena is received less than fourteen (14) business days prior to the proposed disclosure, such notice shall be given by e-mail within 24 hours. The Receiving Party to whom the subpoena is directed also must immediately inform in writing the person or entity that caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Order, and deliver a copy of this Order promptly to that person or entity. The Producing Party shall bear all responsibility for any objection to the production of such Confidential Discovery Material, except that the

Receiving Party receiving any subpoena shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring the production of Confidential Discovery Material.

9. **Conclusion of Litigation.** Within sixty (60) calendar days after the final disposition of this Action (meaning final judgment and exhaustion of all appeals or final settlement of all claims), all parties in receipt of Confidential Discovery Material shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such materials and certify that fact. It shall be the obligation of the party receiving Confidential Discovery Material to obtain the return of any such document(s) or information distributed by that party to any expert, consultant, or other person in the course of the litigation or to obtain written certification of the destruction of such document(s) or information from such expert, consultant, or other person. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Confidential Discovery Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such retained information shall continue to be treated in accordance with the Protective Order. Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions, transcripts, trial exhibits, expert reports, or other attorney work product. In that case, counsel of record shall continue to treat the protected material

in accordance with the Protective Order. All restrictions in this Protective Order regarding the use by any person of information or knowledge obtained from Confidential Discovery Material shall continue even after such materials are returned or destroyed.

10. **Duration.**

    a. The Parties agree to be bound by the terms of this Order pending its entry by the Court.

    b. This Court retains and shall have jurisdiction over the Parties and all recipients of Confidential Discovery Material, for purposes of enforcing this Order after termination of this Action.

    c. This Order is binding upon the Parties hereto, their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

11. **Miscellaneous.**

    a. This Order does not apply to the offer of or admission into evidence of Confidential Discovery Material at trial.

    b. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of documents, testimony, or other evidence in this Action. Also nothing herein shall preclude any Party from objecting to any discovery request, including the right to assert that no discovery should be had of or relating to certain documents or information or from seeking a higher level of protection than provided for by this Protective Order if the Party believes that circumstances warrant that higher level of protection.

    c. This Order may not be waived, modified, abandoned, or terminated, in

whole or part, except by an instrument in writing signed by all Parties, or by further Court order. If the Court finds any provision of this Order invalid for any reason, the remaining provisions shall remain in effect.

   **d.**  This Order may be executed in counterparts and shall become effective as a stipulation among the Parties immediately upon its execution.

Dated: June 22, 2018        SUBMITTED BY:

| **KAPLAN FOX & KILSHEIMER LLP** | **ALSTON & BIRD LLP** |
|---|---|
| /s/___*Frederic S. Fox*_____ | /s/ ___*Thomas G. Walker*_____ |
| Frederic S. Fox (*pro hac vice*) | THOMAS G. WALKER |
| Donald R. Hall (*pro hac vice*) | (N.C. State Bar No. 17635) |
| Melinda Campbell (*pro hac vice*) | 555 Fayetteville St., Suite 600 |
| Ralph E. Labaton (*pro hac vice*) | Raleigh, North Carolina, 27601 |
| 850 Third Avenue, 14th Floor | Tel: 919-862-2200 |
| New York, NY 10022 | Fax: 919-862-2260 |
| Telephone: (212) 687-1980 | thomas.walker@alston.com |
| Facsimile: (212) 687-7714 | |
| | JOHN L. LATHAM |
| *Lead Counsel for Lead Plaintiff and the Class* | SUSAN E. HURD |
| | JASON R. OUTLAW |
| **BLUE LLP** | ALSTON & BIRD LLP |
| | 1201 West Peachtree Street |
| Dhamian Blue | Atlanta, Georgia 30309-3424 |
| 205 Fayetteville Street | Tel: 404-881-7000 |
| Raleigh, North Carolina 27601 | Fax: 404-881-7777 |
| Telephone: (919) 833-1931 | john.latham@alston.com |
| Facsimile: (919) 833-8009 | susan.hurd@alston.com |
| N.C. Bar No. 31405 | jason.outlaw@alston.com |
| *Liaison Counsel* | *Counsel for Defendants* |

*Additional Counsel for Named Plaintiff and Lead Plaintiff:*

**LABATON SUCHAROW LLP**

Jonathan Gardner

Christine M. Fox
Marisa N. DeMato
Christopher L. Mooney
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

*Additional Counsel for Lead Plaintiff*:

**KESSLER TOPAZ MELTZER & CHECK, LLP**

Andrew L. Zivitz
Geoffrey C. Jarvis
Matthew L. Mustokoff
Margaret E. Onasch
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056

-and-

Jennifer L. Joost
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: 415-400-3000
Facsimile: 415-400-3001

   **SO ORDERED**.

Signed: June 25, 2018

David C. Keesler
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ERIC OLLILA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BABCOCK & WILCOX ENTERPRISES, INC., E. JAMES FERLAND and JENNY L. APKER,<br><br>Defendants | CIVIL ACTION NO.: 3:17-CV-00109 |

# STIPULATION AND PROTECTIVE ORDER
# **EXHIBIT A**

I, _____, declare under penalty of perjury, 28 U.S.C. § 1746, that:

1. Information, including documents and things, designated as "Confidential" as defined in the Stipulation and Protective Order entered in the above-captioned action (the "Order"), is being provided to me pursuant to the terms and restriction of the Order.

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Western District of North Carolina for enforcement of the Order.

5. I acknowledge that violation of the Order may result in penalties for contempt of court.

6. I agree to not use any Confidential Discovery Materials disclosed to me pursuant to the Order except for purposes of the above-captioned Action and not to disclose any of this

1

information to any person other than those specifically authorized by the Order, without express written consent of the party who designated the information as confidential or by order of the presiding judge.

7. I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Order and of its binding effect on them and me.

Name: _____

Job Title: _____

Employer: _____


Signed at _____, _____ this ___, day of _____ 20__.


                                                      _____
                                                              Signature