**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:17-CV-109**

ERIC OLLILA, Individually and on Behalf of
All Others Similarly Situated,

                        Plaintiff,

    vs.

BABCOCK & WILCOX ENTERPRISES, INC.,
E. JAMES FERLAND and JENNY L. APKER,

                        Defendants

**PROTOCOL GOVERNING DISCOVERY MATTERS AND THE
PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")**

The parties, by their undersigned counsel, hereby agree to the following regarding the review and production of documents and Electronically Stored Information ("ESI") in discovery:

**I.**     **PROCEDURES FOR REVIEW OF ESI:**

The parties agree to confer in good faith regarding the possibility of utilizing common document review methodologies, including: (i) forms of targeted assisted review ("TAR") such as simple active- or passive-learning, continuous active- or multi-model-learning, or some combination thereof; (ii) date filtering; and (iii) keyword search queries (*e.g.,* single term or Boolean strings). No party shall use predictive coding/technology-assisted-review for the purpose of culling the documents to be reviewed or produced without notifying the opposing party prior to use and with ample time to meet and confer in good faith regarding the use of such technologies.

## II. PRODUCTION OF DOCUMENTS COLLECTED IN HARD COPY FORM:

All hard copy documents should be scanned and produced as single-page, Group IV, 300 DPI TIFF images with an image load file (.OPT file and/or .LFP file) and a delimited database/metadata load file (.DAT). The database/metadata load file should contain the metadata fields listed in EXHIBIT A to the extent such metadata already exists at the time of collection. Nothing in this Order shall be interpreted as requiring any party to create and produce any metadata that does not already exist. The parties also agree to supply in the load file the vendor-created fields specifically identified in EXHIBIT A.

All documents are to be provided with per document searchable text (.TXT) files that contain full text extraction. In the event a document is scanned into TIFF format, the text file should contain that document's OCR text. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. Where hard copy documents are scanned for the first time for purposes of review and production in this litigation, the documents should be logically unitized (*i.e.,* distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business.

If an original document contains color, is not produced in color, and color is necessary to understand the meaning or content of the document, then reasonable requests for the production of specific documents as single-page, 300 DPI, color JPG images with the quality setting 75% or higher will not be unreasonably denied.

## III. PRODUCTION OF ESI:

ESI is to be produced as 300 DPI Group IV black and white Tagged Image File Format (.TIFF or .TIF) files. The TIFF files shall be produced in single-page format along with image

load files (.OPT file and .LFP file) with a delimited database/metadata load file (.DAT). The database/metadata load file should contain the metadata fields listed in EXHIBIT A to the extent such metadata already exists at the time of collection. Nothing in this Order shall be interpreted as requiring any party to create and produce any metadata that does not already exist. The parties also agree to supply in the load file the vendor-created fields specifically identified in EXHIBIT A.

If an original document contains color, is not produced in color, and color is necessary to understand the meaning or content of the document, reasonable requests for the production of specific documents as single-page, 300 DPI, color JPG images will not be unreasonably denied. If the original document contains hidden data (*e.g*., a Word document containing track changes and/or comments), it shall be processed to TIFF format with that hidden data revealed or showing or it will be produced natively at the producing party's election.

**IV.** **SYSTEM FILES:**

Common system and program files as defined by the NIST library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed, or produced.

**V.** **FAMILIES OF DOCUMENTS:**

For any documents that contain an attachment (for example, email), the vendor-created fields set forth in EXHIBIT A reflecting the parent/child or parent/sibling relationship will be produced as part of the load file.

With respect to files embedded within other files (*e.g*., copies of e-mails embedded in a Word document), the producing party shall use best efforts, where technologically feasible, to collect and process such files in such a manner as to ensure that the embedded file is produced in a format that complies with this Protocol. Such embedded files shall be considered "child" attachments of the "parent" document in which they are embedded.

**VI. DE-DUPLICATION:**

Removal of duplicate documents must be done for exact duplicate documents (based on MD5 or SHA-1 hash values at the parent document level) and must be done across custodians and sources. Near-duplicate documents shall be produced rather than removed. The custodian associated with the first copy of a document processed will be considered the primary custodian for that document (the custodian who will be used as the basis for determining which other collected documents are duplicates). To accommodate rolling productions, the producing party should provide an overlay file during the course of its production efforts that includes the additional custodian names for individuals who possessed duplicate documents and will provide another supplemental overlay file with any additional names once its production is complete.

If there are any handwritten notes or any other markings on a document, it shall not be considered a duplicate. Any document that contains an alteration, marking on, or addition to the original document shall be treated as a distinct version, and shall be produced as such unless privileged in nature. These alterations include, but are not limited to, handwritten notes, electronic notes/tabs, edits, highlighting, or redlining.

**VII. PRODUCTION OF EXCEL, OTHER SPREADSHEETS, AND POWERPOINTS:**

MS-Excel spreadsheets, other spreadsheets, and PowerPoint documents shall be produced in native format with a TIFF placeholder bearing the legend "Produced in Native File Format." The TIFF image shall be endorsed with a sequential Bates number and the produced native file named to match this Bates number. The metadata load file shall contain a link to the produced native file via data values called "Native Link." The Native Link values should contain the full directory path and file name of the native file as contained in the produced media.

**VIII. BATES NUMBERING:**

Bates number and any confidentiality designation should be electronically branded on each produced TIFF image of ESI but should not be included in the extracted text of ESI. For documents produced in native format, the Bates ranges or beginning Bates number of the TIFF images of those documents shall be provided.

**IX. REDACTIONS:**

Each redaction on a document shall be endorsed with the word "Redacted" or "Redaction," with that word being included in the text provided for the document. Alternatively, the producing party may produce a field in the DAT file denoting which documents contain redactions.

**X. MISCELLANEOUS PROVISIONS:**

The parties agree to promptly alert each other concerning any technical problems associated with complying with this Order or if, upon further investigation, they should determine that compliance with any aspect of this Order presents undue burden or expense with respect to a specific category of data or documents. Under such circumstances, the parties shall promptly confer in an effort to resolve these issues. Any party may file a motion with the Court to seek individual relief from this Order.

Nothing in this Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any documents or data are preserved and may be asserted at the appropriate time. The parties may agree to modify or waive the terms of this Order in writing signed by counsel for the affected parties.

Nothing in this Order shall be deemed to limit, modify or override any provision of the Protective Order. In the event of any conflict between this Order and the Protective Order, the provisions of the Protective Order shall govern. Also, nothing in this Order is intended to or shall serve to limit a party's right to conduct a review of documents or ESI (including metadata) for

relevance, responsiveness or privilege.

# EXHIBIT A

# METADATA FIELDS

| Field Name | Description | Example / Format |
|---|---|---|
| **PRODBEG** | The Document ID number of first page of the document. | ABC0000001 |
| **PRODEND** | The Document ID number of the last page of a document. | ABC0000003 |
| **BEGATTACH** | The Document ID number of the first page of the parent document. | ABC0000001 |
| **ENDATTACH** | The Document ID number of the last page of the last attachment. | ABC0000008 |
| **CONFIDENTIALITY DESIGNATION** | The level of confidentiality assigned to the document by Counsel | Confidential, AEO |
| **PGCOUNT** | The number of pages in a document. (image records) | Numeric |
| **CUSTODIAN/SOURCE** | All of the custodians / sources of a document from which the document originated. | Smith, Joe; Doe, Jane |
| **VOLUME** | The name of the CD or Hard Drive for ESI, or collection, binder, cabinet for hard copy docs. | VOL0001 |
| **RECORD TYPE** | The type of document / record. | Email, hard copy, loose eFile |
| **EMAIL SUBJECT** | The subject line of the e-mail. | |
| **EMAIL AUTHOR / FROM** | The display name and e-mail of the author of an e-mail. | Joe Smith <jsmith@email.com> |
| **EMAIL RECIPIENTS / TO** | The display name and e-mail of the recipient(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL CC** | The display name and e-mail of the copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL BCC** | The display name and e-mail of the blind copyee(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL ATTACHMENT COUNT** | The number of attachments to a parent. | Numeric |
| **EMAIL ATTACHMENT NAME** | The original file name of attached record. | Attach1.doc |
| **RECEIVED DATE** | The date the document was received. | MM/DD/YYYY |

| Field Name | Description | Example / Format |
|---|---|---|
| RECEIVED TIME | The time the document was received. | HH:MM |
| SENT DATE | The date the document was sent. | MM/DD/YYYY |
| SENT TIME | The time the document was sent. | HH:MM |
| EMAIL IMPORTANCE | E-mail Importance Flag. | Normal, Low, High |
| TIMEZONE PROCESSED | The time zone that the data is set to when processed. | PST, CST, EST, etc. |
| FILE NAME | The file name of a native document. | Document Name.xls |
| FILE AUTHOR | The author of a document from extracted metadata. | jsmith |
| DOC TITLE | The extracted title of the document. | Table of Contents |
| FILE MANAGER / APPLICATION DESCRIPTION | Native file application. | Microsoft Excel, Word, etc. |
| FILE EXTENSION | The file extension of a document. | XLS |
| HIDDEN DATA | Whether hidden data exists in the document. For example, hidden Excel cells or PowerPoint slides. | Y, N, Blank |
| FILE CREATE DATE | The date the document was created. | MM/DD/YYYY |
| FILE CREATE TIME | The time the document was created. | HH:MM |
| FILE LAST MODIFICATION DATE | The date the document was last modified. | MM/DD/YYYY |
| FILE LAST EDITED BY | The name of the last person to edit the document from extracted metadata. | jsmith |
| DATE APPOINTMENT START | Date of calendar appointment entry. | MM/DD/YYYY |
| TIME APPOINTMENT START | Start time of calendar appointment entry. | HH:MM |
| DATE APPOINTMENT END | End date of calendar appointment entry | MM/DD/YYYY |
| TIME APPOINTMENT END | End time of calendar appointment entry. | HH:MM |
| FILESIZE | The file size of a document (including embedded attachments). | Numeric |

| Field Name | Description | Example / Format |
|---|---|---|
| **MD5HASH** | The MD5 Hash value or de-duplication key assigned to a document. | |
| **NATIVELINK** | The full path to a native copy of a document. | D:\NATIVES\ABC000001.xls |
| **FULLTEXT** | The path to the full extracted text of the document. There should be a folder on the deliverable, containing a separate text file per document. These text files should be named with their corresponding bates numbers. Note: E-mails should include header information: author, recipient, cc, bcc, date, subject, etc. If the attachment or e-file does not extract any text, then OCR for the document should be provided. | D:\TEXT\ABC000001.txt |

Dated: July 11, 2018

SUBMITTED BY:

| | |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP** | **ALSTON & BIRD LLP** |
| */s/ Frederic S. Fox* | */s/ Thomas G. Walker* |
| Frederic S. Fox (*pro hac vice*) | THOMAS G. WALKER |
| Donald R. Hall (*pro hac vice*) | (N.C. State Bar No. 17635) |
| Melinda Campbell (*pro hac vice*) | 555 Fayetteville St., Suite 600 |
| Ralph E. Labaton (*pro hac vice*) | Raleigh, North Carolina, 27601 |
| 850 Third Avenue, 14th Floor | Tel: 919-862-2200 |
| New York, NY 10022 | Fax: 919-862-2260 |
| Telephone: (212) 687-1980 | thomas.walker@alston.com |
| Facsimile: (212) 687-7714 | |

*Lead Counsel for Lead Plaintiff and the Class*

JOHN L. LATHAM (*pro hac vice*)
SUSAN E. HURD (*pro hac vice*)
JASON R. OUTLAW (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel: 404-881-7000
Fax: 404-881-7777
john.latham@alston.com
susan.hurd@alston.com
jason.outlaw@alston.com

**BLUE LLP**
Dhamian Blue
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 833-1931
Facsimile: (919) 833-8009
N.C. Bar No. 31405

*Liaison Counsel*

*Counsel for Defendants*

*Additional Counsel for Named Plaintiff and Lead Plaintiff:*

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
Christine M. Fox (*pro hac vice*)
Marisa N. DeMato
140 Broadway
New York, New York 10005
Telephone: 212-907-0700
Facsimile: 212-818-0477

*Additional Counsel for Lead Plaintiff:*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Andrew L. Zivitz (*pro hac vice*)
Geoffrey C. Jarvis
Matthew L. Mustokoff (*pro hac vice*)

Margaret E. Mazzeo
280 King of Prussia Road
Radnor, Pennsylvania 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056

-and-

Jennifer L. Joost
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: 415-400-3000
Facsimile: 415-400-3001


**SO ORDERED**:


Signed: July 11, 2018

David C. Keesler
United States Magistrate Judge