ERIC OLLILA, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

vs.

BABCOCK & WILCOX ENTERPRISES, INC., E. JAMES FERLAND and JENNY L. APKER

                Defendants.

# ORDER APPROVING ADMINISTRATIVE DETERMINATIONS AND AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND

Lead Plaintiff, Arkansas Teacher Retirement System ("ATRS" or "Lead Plaintiff"), having moved this Court for an order approving administrative determinations and authorizing the distribution of the Net Settlement Fund[1] in the above-captioned class action, and the Court, having considered all of the materials and arguments submitted in support of the motion, including the Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Segura Declaration"), submitted on behalf of the Court-approved claims administrator, JND Legal Administration ("JND" or "Claims Administrator"), and Lead Plaintiff's Memorandum of Law in Support of Lead Plaintiff's Motion for Approval of Administrative Determinations and Authorization to Distribute the Net Settlement Fund submitted therewith, as well as all prior proceedings herein, and after due deliberation;

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the June 21, 2019 Stipulation and Agreement of Settlement (ECF No. 77-1, the "Stipulation") and exhibits thereto.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Court has retained jurisdiction over this Action for the purposes of considering, *inter alia*, any further application or matter in connection with the administration of the Settlement and the distribution of the Net Settlement Fund to Authorized Claimants.

2. The distribution plan proposed by JND as set forth in the Segura Declaration is **APPROVED.** Accordingly,

   a. The administrative determinations of the Claims Administrator to accept the timely submitted Proof of Claim Forms set forth in Exhibit B to the Segura Declaration, and to accept the late but otherwise valid Proof of Claim Forms submitted after the January 2, 2020 deadline but on or before March 10, 2021, as set forth in Exhibit C to the Segura Declaration, are adopted;

   b. The administrative determinations of the Claims Administrator to reject the Proof of Claim Forms set forth in Exhibit D to the Segura Declaration are hereby approved, and those claims are hereby rejected;

   c. No new Proof of Claim Forms may be accepted after March 10, 2021, and no further adjustments to Proofs of Claim that would result in an increased Recognized Loss may be made for any reason after March 10, 2021;

   d. Pursuant to the Distribution Plan for the distribution of the Net Settlement Fund, JND shall distribute the Net Settlement Fund as follows:

      1) JND will distribute 100% of the available balance of the Net Settlement Fund, after deducting any Notice and Administration Costs, Taxes, and Tax Expenses, to the Authorized Claimants set forth in Exhibits B and C to the Segura Declaration who would receive at least $10.00 based on their Recognized Loss in comparison to the total Recognized Losses of all Authorized Claimants.

2) In order to encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." JND is authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in footnote 3 of the Segura Declaration;

3) Authorized Claimants who do not negotiate their distribution checks within the time allotted or on the conditions set forth in footnote 3 of the Segura Declaration will irrevocably forfeit all recovery from the Settlement. The funds allocated to all such stale-dated checks will be available to be distributed to other Authorized Claimants if Lead Counsel determines that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not negotiate their second or subsequent distributions (should such distributions occur) within the time allotted or on the conditions set forth in footnote 3 of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

4) Consistent with the Plan of Allocation, after JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution Checks, which efforts shall consist of the follow-up efforts described in footnote 3 of the Segura Declaration, but not earlier than nine (9) months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct a second distribution of the Net Settlement Fund (the "Second Distribution"). Any amounts remaining in the Net Settlement Fund after the Initial Distribution (including the funds for all void stale-dated checks), after deducting JND's unpaid fees and expenses incurred in connection with administering the Settlement

(including JND's estimated costs of the Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution who cashed their first distribution check and who would receive at least $10.00 from such distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with JND, determines that further distribution is not cost-effective.

5) At such time as Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

e. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all members of the Settlement Class, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator,

the Escrow Agent, or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to them as Authorized Claimants;

      f.      The Claims Administrator is authorized to destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and may destroy electronic copies of the same one year after all funds have been distributed;

      g.      Fees and expenses in the amount of $223,475.37 that have been incurred or are expected to be incurred by JND in connection with the administration of the Settlement and the initial distribution of the Net Settlement Fund as set forth in paragraph 43 and Exhibit E of the Segura Declaration, are hereby approved; and

      h.      This Court retains jurisdiction over any further application or matter that may arise in connection with the administration of the Settlement and such other and further relief as this Court deems appropriate.

**SO ORDERED.**

Signed: April 30, 2021

*[Signature]*

Max O. Cogburn Jr
United States District Judge